UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTEL D. BAILEY                                            CIVIL ACTION

VS.                                                         NO. 2:18-CV-9859

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Martel D. Bailey respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Martel D. Bailey**, of lawful age and a resident of Marksville, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Ensco International Incorporated and an insured participant of a group short and long term disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America ("LINA")**, is a foreign corporation, domiciled in Hartford, Connecticut and authorized and doing business in Louisiana. Upon information and belief, LINA is a citizen of Hartford Connecticut and/or Pennsylvania, which is its principal place of business.

5. LINA issued a short term disability policy and a long term disability policy, No. insuring the employees of Ensco International Incorporated. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff is disabled under the terms of the short and long term disability policies issued by LINA.

9. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policies.

10. Plaintiff appealed the denials, but LINA upheld its previous decisions.

11. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

12. Plaintiff has exhausted her administrative remedies and now files this suit to reverse LINA's denial of benefits.

13. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

14. LINA has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

15. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

16. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

17. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

18. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

19. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

20. Defendant's denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com